■ In the Matter of STEVEN H. DICKMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.—Steven H. Dickman, an attorney who was admitted to practice by this court on December 3, 1969 under the name of Steven Howard Dickman, has filed an affidavit dated July 15, 1987 in which he tenders his resignation as an attorney and counselor-at-law *(see,* 22 NYCRR 691.9).

Mr. Dickman acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District and that the following allegations of misconduct are presently under investigation by the Grievance Committee; that after receiving a check in the amount of $17,500 payable to himself as attorney and to his client, in settlement of a claim for personal injuries, he deposited said check into his special account and thereafter issued a check in the amount of $10,815.08 to his client from said special account knowing that there were insufficient funds in said account and that the check would be and was dishonored upon presentment; that after receiving a settlement check in the amount of $11,000 payable to his clients, he deposited said check into his escrow account and thereafter, without the knowledge or consent of his clients, utilized said funds for his own personal use; that after receiving a settlement check for personal injuries in the amount of $40,000 payable to himself as attorney and to his client, he deposited said check bearing the signature of his client, which was not genuine, into his escrow account and thereafter withdrew sums from the settlement fund for his own personal use, and, at a later date, when he attempted to issue a check in the amount of approximately $28,000 to his client, he did so knowing that there were

insufficient funds in said account and that the check would be and was dishonored upon presentment; that after receiving $10,000 and $12,000 which was to be held in his escrow account until the closing on real property, and, after depositing said checks into his escrow account he used these amounts for his own personal use and purposes; that after he was given $4,000 in cash to be used as a final payment of a settlement, he utilized the funds for his own use and purposes and later issued a check in the amount of $4,000 knowing that there were insufficient funds in said account and that the check would be and was dishonored upon presentment; that after he persuaded two separate clients to loan $30,000 and approximately $28,000, respectively, to a corporation in which he was one of the principals, he prepared fraudulent repayment agreements bearing the signature of an officer of said corporation that was not genuine, and thereafter failed to repay the loans; and that after he was retained to collect two debts totaling approximately $59,000, he made an agreement with the debtors to accept a substantially lesser amount in full settlement of the debts, notwithstanding the fact that the client had never authorized him to accept a lesser sum.

The respondent states that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress; and that he is fully aware of the implications of submitting his resignation. Respondent further acknowledges that if charges were predicated upon the misconduct outlined above, he could not successfully defend himself on the merits against such charges.

Under the circumstances herein, the respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent be disbarred and his name struck from the roll of attorneys and counselors-at-law effective forthwith. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.